# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| WILLIAM BEAUMONT HOSPITAL d/b/a BEAUMONT HEALTH SYSTEM, | ) ) ) ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Megan Shefke. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, William Beaumont Hospital, violated the Americans with Disabilities Act by failing to provide Shefke with a reasonable accommodation for her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, William Beaumont Hospital d/b/a Beaumont Health System ("Defendant" or "Defendant Employer"), has continuously been a Michigan non-profit corporation doing business in the State of Michigan and the City of Wayne and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Megan Shefke filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On August 18, 2022, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to

eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On September 13, 2022, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Beginning in April 2019 and continuing through September 2019, Defendant Employer engaged in unlawful employment practices at its Wayne, Michigan location in violation of Section 102(a) and (b)(5) of the ADA, 42 U.S.C. § 12112(a) and (b)(5).

a. Megan Shefke is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Shefke has a permanent physical impairment that substantially limits her metabolic function, causing chronic pain, neuropathy and fatigue.

b. Defendant hired Shefke on May 15, 2017.

c. At all relevant times, Shefke was employed as a Registered Nurse Shift Lead or "Charge Nurse."

d. Since at least March 5, 2018, Defendant was aware of Shefke's physical impairment and her need for a reduced weekly work schedule. On March 29, 2018, Defendant granted Shefke a reduction in work hours to 32 per week.

e. On April 14, 2019, Shefke contacted Defendant's Human Resources Manager by email. Shefke stated that because her condition had worsened, she was requesting reassignment to a position that was suitable for her disability.

f. On April 16, 2019, in response to Shefke's email, the Human Resources Manager told Shefke to contact a

5

      recruiter to discuss any vacancies of interest.

g.    Eight minutes later, Shefke replied to the HR Manager's email to clarify that she was asking to be directly placed into an open position for which she was qualified – not merely referred to Defendant's recruitment process. Shefke added that her request was a fair one under the ADA.

h.    On April 23, 2019, the Human Resources Manager emailed a reply to Shefke, stating that Defendant's policies and procedures for job transfers, which require interviews for vacancies, are compliant with the ADA. The Manager also attached a Medical Inquiry Form for a Reasonable Accommodation Request to be completed by Shefke's physician to assist with the job transfer process.

i.    On June 3, 2019, Shefke submitted the Medical Inquiry Form for a Reasonable Accommodation Request to Defendant, filled out by her treating physician, which served as her request to be reasonably accommodated for her disability.

j.    Shefke's physician recommended certain modifications to her job to accommodate her—specifically, another

       reduction in hours and flexible shifts (consistent with Shefke's April 14 request).

k.    Defendant determined that the accommodations suggested by Shefke's doctor were not feasible for the job Shefke held and that Shefke needed to be reassigned to another job.

l.    However, rather than place Shefke into an open position for which she was qualified, Defendant required Shefke to apply for vacancies and compete with other applicants.

m.    Between April and August 2019, Shefke applied for several vacant positions for which she was qualified.

n.    Shefke was able to work in these positions with her disability within the doctor's restrictions set forth above.

o.    Defendant employer determined that Shefke met the basic qualifications for those positions.

p.    Still, Defendant employer rejected Shefke's applications for those positions and selected other candidates.

q.    On September 26, 2019, Shefke finally obtained a clinical nurse position at the Defendant's facility in Dearborn, after successfully applying for the vacancy.

    r.    Defendant violated the ADA by failing to reassign Shefke to a vacant position for which she was qualified.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Shefke of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Shefke.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide qualified employees with reasonable accommodations such as reassignment to vacant positions for which they are otherwise qualified without having to go through an application process.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Shefke by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

D.    Order Defendant Employer to pay Shefke punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        GWENDOLYN YOUNG REAMS
        Acting General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        KENNETH L. BIRD
        Regional Attorney

        OMAR WEAVER
        Assistant Regional Attorney


Dated: June 28, 2023              /s/ Dale Price
                                  DALE PRICE (P55578)
                                  Senior Trial Attorney
                                  DETROIT FIELD OFFICE
                                  Patrick V. McNamara Federal
                                  477 Michigan Ave, Room 865
                                  Detroit, Michigan 48226
                                  (313) 774-0028
                                  dale.price@eeoc.gov